IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBORAH L. JOYCE,

        Petitioner,

v.                                CIVIL ACTION NO.  2:13-cv-11525
                                              (Criminal No. 2:09-cr-00256)
                                              (Criminal No. 2:10-cr-00096)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Deborah Joyce's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. 2255 (§ 2255 motion) [ECF 66] and Motion for Appointment of Counsel [ECF 70]. By Standing Order entered April 8, 2013, and filed in this case on May, 20, 2013, this action was referred to Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition (PF&R). On September 18, 2013, the reference of this case was transferred from Magistrate Judge Tinsley to Magistrate Judge Cheryl A. Eifert. On June 13, 2014, Magistrate Judge Eifert issued a PF&R [ECF 79] recommending that the Court deny Petitioner's § 2255 motion and motion for appointment of counsel.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this

Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the June 13, 2014, PF&R in this case were due on June 30, 2014. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R [ECF 79], **DENIES** Petitioner's § 2255 motion [ECF 66], **DENIES** Petitioner's motion for the appointment of counsel [ECF 70] and **DIRECTS** the Clerk to remove this case from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but she may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     December 15, 2014

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE